UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SYLVESTER THOMAS JR GOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00327-JPH-MG |
| | ) |
| SCU At Wabash Valley Correctional Facility, Staff, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING PENDING MOTIONS AND DISMISSING ACTION**

Sylvester Thomas, Jr., has filed several actions in this Court that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. Mr. Thomas was informed that he cannot proceed *in forma pauperis* because he has struck out under 28 U.S.C. § 1915(g) and did not qualify under the imminent danger exception. Dkt. 7 at 1−2.

Mr. Thomas has not paid the filing fee in this action. Instead, he has filed additional meritless motions. For the following reasons, the motions are **denied**, the complaint is **dismissed**, and final judgment shall now enter.

### I. Background

The Court has warned Mr. Thomas that he has brought at least four actions in federal district court that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Thomas, Jr. v. Indiana et al.,* No. 2:23-cv-220-MPB-MG, dkts. 14 and 15 (S.D. Ind. Sept. 27, 2023) (dismissing with prejudice as frivolous); *Thomas, Jr. v.*

1

*United States District Court Northern District of Indiana*, No. 2:23-cv-235-JRS-MKK, dkt. 7 (S.D. Ind. Apr. 25, 2023) (dismissing action as frivolous); *Thomas, Jr., v. Indiana*, No. 3:23-cv-294-DRL-JEM, dkt. 5 (N.D. Ind. Apr. 25, 2023) (dismissing action for failure to state a claim); and *Thomas, Jr., v. Indiana*, No. 3:23-cv-281-DRL-MGG, dkt. 4 (N.D. Ind. Apr. 19, 2023) (dismissing action as frivolous and for failure to state a claim).

Mr. Thomas filed this action on June 24, 2024, without paying the filing fee. Dkt. 1. He moved to proceed *in forma pauperis*, and the Court denied the order on the basis that he had struck out and that his allegations—which concerned time spent in segregation—did not implicate the "imminent danger of serious physical injury" exception to § 1915(g). Dkt. 7 at 2.

Mr. Thomas filed several motions, including a motion to reconsider the Court's denial of his request to proceed *in forma pauperis*, which were denied by the Court on August 19, 2024. Dkt. 12. The Court provided Mr. Thomas through September 6, 2024, to pay the $405.00 filing fee. *Id.*

Mr. Thomas has filed several motions since then: a motion for judgment by default, dkt. [13] (Aug. 22, 2024); a motion to submit a declaration for entry of default, dkt. [14] (Aug. 22, 2024); a motion for default judgment, dkt. [15] (Sept. 10, 2024); a motion to reconsider all orders denying any of plaintiff's motions pertaining to above cause of action, dkt. [16] (Sept. 10, 2024); motion to submit a declaration for entry of default, dkt. [17] (Sept. 10, 2024); a motion to immediately release all redress, remedy, and relief concerning the above cause number, dkt. [18] (Oct. 1, 2024); motion to add defendant to complaint,

2

dkt. [19] (Oct. 1, 2024); and a motion to request relief from additional defendants, dkt. [20] (Oct. 1, 2024).

## II. Pending Motions and Dismissal of Complaint

The Court first addresses Mr. Thomas' "motion to reconsider all orders denying any of the plaintiff's motions pertaining to the above cause of action." Dkt. 16. In that motion, Mr. Thomas complains about the actions that were taken with respect to the filing of a motion to proceed *in forma pauperis* and amended complaint in *Thomas v. State of Indiana, et al.*, 2:23-cv-00220-MPB-MG. Dkt. 16 at 3. Mr. Thomas then states:

> This U.S. district court southern district of Indiana Terre Haute divisions blindly erratic rapid fire approach it's currently implementing in order to prematurely deny valid civil rights actions/complaints accompanied by the erroneous interpretations formulated by preconceived notions that may have been conceived and birthed out by lackadaisical work ethics, clearly leave a stain on the moral fabric of this U.S. district court southern district of Indiana Terre Haute division ethical blanket. Doing nothing other than hurling accusations through unvalid [sic], less then mediocre, defamative [sic] arguments, in order to justify the premature denials of Mr. Thomas Jr.'s civil rights actions and motions concerning under 42 U.S.C. § 1983, all while possessing and employing the audacity to hide behind a filing fee.

*Id.* at 3-4.

Mr. Thomas then proceeds to discuss the claims presented in this case, which concern time spent in segregation, allegedly without adequate review.

As the Court understands Mr. Thomas's filing, he disagrees with the Court's assessment that he has incurred at least three strikes under § 1915A. But he does not explain why the dismissal of these actions was improper. Any challenge to the dismissals in those cases should have been raised on appeal.

3

Further, the Court has reviewed the dismissals in those cases. *See Hill v. Madison Co., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) (noting that "§ 1915(g) commits to a later tribunal the totaling up of 'strikes' in earlier suits and appeals."). The Court agrees that they were properly dismissed for the following reasons:

- *Thomas v. State of Indiana, et al.,* 2:23-cv-00220-MPB-MG, was dismissed on the basis that Mr. Thomas' allegation that he was being illegally detained due to the trial court's failure to rule on a motion was factually frivolous. *See* dkt. 14 at 2-4 (S.D. Ind. Sept. 27, 2023);

- *Thomas v. United States District Court Northern District of Indiana*, 2:23-cv-00235-JRS-MKK was also dismissed as frivolous when Mr. Thomas tried to sue the United States District Court in the Northern District of Indiana for 200 billion over his disagreement with a dismissal in a case he filed in that Court. *See* dkt. 7 (S.D. Ind. May 31, 2023);

- *Thomas v. Indiana,* 3:23-cv-294-DRL-JEM, was dismissed for failure to state a claim upon which relief can be granted on the basis that Mr. Thomas' four months in disciplinary segregation was too short of a time period to implicate due process protections, and any challenges to his finding of guilt were not properly brought in a civil rights action because there was no indication that this write-up had been overturned. *See* dkt. 5 (N.D. Ind. Apr. 25, 2023); and

- *Thomas v. Indiana,* 3:23-cv-281-DRL-MGG, was dismissed as factually frivolous and for failure to state a claim because Mr. Thomas, as he did in case number 2:23-cv-00220-MPB-MG, was alleging that he was being wrongfully incarcerated for a murder conviction but there was no indication from any court filings that his murder conviction has ever been overturned. *See* dkt. 4 (N.D. Ind. Apr. 19, 2023).

Thus, because Mr. Thomas has "struck out," he cannot proceed *in forma pauperis* unless he is under threat of imminent physical danger. Mr. Thomas argues that the violations that he has complained of in his dismissed actions

4

pose a danger to him because he is unlawfully incarcerated. Dkt. 16 at 6. But this argument is based on the factually inaccurate premise that his murder conviction has been overturned. And his concern about the general dangers of imprisonment does not satisfy the imminent danger exception. *See Sanders v. Melvin*, 873 F.3d 957, (7th Cir. 2017) (affirming district court's decision to deny *in forma pauperis* status to three-striker who alleged he was suffering from deteriorating mental health, noting that "[i]f fears about the future made for an 'imminent danger of serious physical injury', the statute would not serve to curtail litigation by those who have demonstrated a propensity to make baseless or malicious claims. Observations about the general dangers of prison life therefore do not suffice."). Accordingly, Mr. Thomas's motion to reconsider, dkt. [16], is **denied**.

Mr. Thomas' motions related to default judgment, dkts. [13], [14], [15], and [17], are **denied**. Because no defendant has been served, the defendants could not have defaulted on any claims. Mr. Thomas' motion to immediately release all redress, remedy, and relief, dkt. [18], motion to add defendant to complaint, dkt. [19], and motion to request relief from additional defendants, dkt. [20], which are all various ways of requesting to amend his complaint, are **denied** because the action is due to be dismissed for failing to pay the filing fee.

Mr. Thomas was provided through September 6, 2024, to pay the filing fee for this action. Dkt. 12. He has failed to do so, and, as explained above, he

does not qualify to proceed *in forma pauperis*. Thus, this action is **dismissed** for failure to pay the filing fee.

### III.   Conclusion

For the reasons explained in this Order, Mr. Thomas's pending motions, dkts. [13], [14], [15], [16], [17], [18], [19], and [20], are **denied**. The complaint is **dismissed** for failure to pay the filing fee. Final judgment consistent with this Order shall issue by separate entry.

**SO ORDERED.**

Date: 1/15/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SYLVESTER THOMAS JR
111746
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838